**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Bobby Hunt**
**1470 Tracy Circle**
**Columbus, OH 43223**


      **And**


**Ashley Klinedinst**
**1470 Tracy Circle**
**Columbus, OH 43223**

           **Plaintiffs,**

    **v.**



**The City of Nelsonville, Ohio**
**211 Lake Hope Drive**
**Nelsonville, Ohio 45764**

      **And**

**Scott Frank, individually**
      **And**
**as City Manager**
**of the City of Nelsonville**
**In his official capacity**
**443 Railroad Street PO Box 27**
**Nelsonville, Ohio 45764**

      **And**

**Scott Fitch, individually**
      **And**
**as Chief of Police**
**of the City of Nelsonville**
**In his official capacity**
**C/O**
**104 E 2nd St.**
**Pomeroy, OH 45769**

**Case No.**

**Judge:**

**Magistrate Judge:**

**And**

**K. J. Tracy, individually**
   **And**
**as a Sergeant of Police**
**of the City of Nelsonville**
**In his official capacity**
**C/O**
**104 E 2nd St.**
**Pomeroy, OH 45769**

   **And**

**Benjamin Adams, individually**
   **And**
**as a Police Officer**
**of the City of Nelsonville**
**In his official capacity**
**C/O**
**104 E 2nd St.**
**Pomeroy, OH 45769**

                **(Jury Demand Endorsed Hereon)**

    **Defendants.**

## COMPLAINT

  Bobby Hunt and Ashley Klinedinst, Plaintiffs, file this Complaint hereby stating and averring the following as violations of 42 U.S.C. §1983, First and Fourth Amendments to the United States Constitution:

1.  Jurisdiction is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. 1331.

2.      Venue is proper in this District pursuant to 28 U.S. Code § 1391. All acts complained of herein occurred within the State of Ohio, Federal Southern District of Ohio, Eastern Division.

3.      This Court has jurisdiction over all the parties for actions brought pursuant to 42 U.S.C. §1983.

4.      Bobby Hunt (Plaintiff Hunt) is African American and a resident of Franklin County, Ohio. At all times relevant to the Complaint Plaintiff Hunt lawfully resided at 537 Patton Street, Nelsonville, Ohio 45764.

5.      Ashley Klinedinst (Plaintiff Klinedinst) is Caucasian and a resident of Franklin County, Ohio. At all times relevant to the Complaint Plaintiff Klinedinst lawfully resided at 537 Patton Street, Nelsonville, Ohio 45764.

6.      Plaintiffs Hunt and Klinedinst have lived together for years in a family relationship providing a family and parenting relationship with their four children.

7.      At all relevant times herein, Defendant Scott Frank (Defendant Frank) was an employee of the Defendant City of Nelsonville (Defendant Nelsonville) as the City Manager. At all times relevant herein Defendant Frank acted under color of law in both his individual and official capacity to violate 42 U.S.C. §1983 and deprived the Plaintiff's of their constitutional rights under the First and Fourth Amendment to the Constitution of the United States.

8. At all relevant times herein, Defendant Scott Fitch (Defendant Fitch) was an employee of the Defendant City of Nelsonville (Defendant Nelsonville) as the Chief of Police. At all times relevant herein Defendant Fitch acted under color of law in both his individual and official capacity to violate 42 U.S.C. §1983 and deprived the Plaintiff's of their constitutional rights under the First and Fourth Amendment to the Constitution of the United States.

9. At all relevant times herein, Defendant K.J. Tracy (Defendant Tracy) was an employee of the Defendant Nelsonville as a Police Sergeant. At all times relevant herein Defendant Tracy acted under color of law in both his individual and official capacity to violate 42 U.S.C. §1983 and deprived the Plaintiff's of their constitutional rights under the First and Fourth Amendment to the Constitution of the United States.

10. At all relevant times herein, Defendant Benjamin Adams (Defendant Adams) was an employee of the Defendant Nelsonville as a Patrolman. At all times relevant herein Defendant Adams acted under color of law in both his individual and official capacity to violate 42 U.S.C. §1983 and deprived the Plaintiff's of their constitutional rights under the First and Fourth Amendment to the Constitution of the United States.

11. In mid-May 2022, prior to the arrest of Plaintiff Klinedinst on June 6, 2022, Plaintiff Klinedinst, observed Defendant Frank accost Plaintiff's children in the back yard their residence at 537 Patton Street, Nelsonville, Ohio 45764.

12. Defendant Frank was in a truck and yelling at the Plaintiff's children in the back yard. Plaintiff Klinedinst exited the back porch of the residence and addressed Defendant

Frank. Plaintiff Klinedinst asked Defendant Frank why he was not yelling at the other white kids the way he was with her black children and told him that he "was not going to put his hands on my kids" and "not going to arrest my seven-year old son".

13. Defendant Frank then made the following statements to Plaintiff Klinedinst, " I have a badge and am going to take them to jail."; "I am the City Manager and can have your kids taken into custody."; "you can tell whoever you want b—ch."; And "This will not be the last time you hear from me." Frank made these statements to Plaintiff Klinedinst in public and in front of the neighbors of Plaintiff Klinedinst. The statements by Defendant Frank caused Plaintiff Klinedinst personal embarrassment, emotional distress, anxiety and fear that Defendant Frank would act on his threatening statements.

14. On June 4, 2022 Defendant Frank accosted both Plaintiff Klinedinst and Plaintiff Hunt while they stopped for the stop sign in front of Defendant Frank's daughters house on Patton Street. Defendant Frank exited his truck with his phone/camera in hand and demanded to see Plaintiff Hunt's driver's license. Plaintiff Hunt refused to produce his license for Defendant Frank. Plaintiff Hunt believes Defendant Frank was video recording the contact on his phone. Defendant Frank then said to both Plaintiff Hunt and Plaintiff Klinedinst that their "civil rights were being canceled"; they were "being kicked out of Nelsonville"; and he, Defendant Frank, "was going to have their motorcycle towed." Plaintiff Hunt and Plaintiff Klinedinst departed the scene without further response to Defendant Frank.

15. On June 6, 2022, Defendant Adams filed a police report stating, in part, that Defendant Fitch broadcast to him and Defendant Tracy that a "Male was riding a red motorcycle

5

on Watkins Street without a valid motorcycle license and that Nelsonville PD has had multiple complaints about this issue."[Exhibit 1]

16.     Upon information and belief the report authored by Defendant Adams has fabricated factual allegations and misrepresented the actual occurrence of events in an effort to conceal the illegal conduct of the Defendants Adams, Tracy and Fitch and was created with the purpose to violate and deprive the Plaintiffs of their civil rights.

17.     On June 6, 2022 Plaintiff Hunt had not operated a motorcycle within at least one half hour of 12:43 p.m.

18.     At 12:43 p.m. Defendant Adams entered upon the property at 537 Patton Street, Nelsonville, Ohio by walking onto the front porch and knocking on the front door.

19.     At 12:43 p.m. Defendant Tracy entered upon the property at 537 Patton Street, Nelsonville, Ohio by walking in the back yard to the rear of the residence.

20.     Upon information and belief, neither Defendant Adams nor Defendant Tracy had probable cause or any lawful reason to enter upon the property of the Plaintiffs.

21.     At approximately 12:43 p.m., Defendant Fitch had a LEADS (Law Enforcement Automated Data System) computer registration check run on a motorcycle lawfully sitting in the front yard of the Plaintiffs at 537 Patton Street, Nelsonville, Ohio. The computer registration check returned a valid registration for the motorcycle in the name of Plaintiff Bobby Hunt with a negative motorcycle operator's endorsement. Based upon the LEADS information that Plaintiff Hunt had no motorcycle endorsement,

6

Defendant Adams issued Plaintiff Hunt a summons to appear in Mayor's Court of Nelsonville on June 14, 2022 for operating the motorcycle without a license. Plaintiff Hunt accepted the summons and remained on his front porch for a period of time until going to his automobile a few minutes later.

22. At approximately 12:51 p.m., within less than a minute of the LEADS confirmation of a valid registration for the motorcycle in the name of Plaintiff Bobby Hunt with a negative motorcycle operator's endorsement, Defendant Fitch radioed for dispatch to order a tow truck to impound Plaintiff Hunt's motorcycle. Defendant Fitch had no lawful reason to impound Plaintiff Hunt's lawfully registered motorcycle displaying the proper license plate from the front yard of 537 Patton Street, Nelsonville, Ohio. At approximately 1:08 p.m. Valley View towing company arrived and removed Plaintiff Hunt's motorcycle from the front yard of 537 Patton Street, Nelsonville, Ohio. Such removal constituted an unlawful deprivation of the property of Plaintiff Hunt by Defendant Fitch acting under color of law. Defendant Fitch acted in violation 42 U.S.C. §1983 by violating the Fourth Amendment of the Constitution Of The United States in unlawfully seizing Plaintiff Hunt's motorcycle. Defendants Adams and Tracy were present and assisted Defendant Fitch in the seizure and removal of the motorcycle of Plaintiff Hunt.

23. At approximately 1:07 p.m. after Plaintiff Hunt had been issued a traffic citation and told that the matter was over by Defendant Fitch reciting "This doesn't have anything to do with y'all. Y'all's done", Plaintiff Hunt left his front porch to walk to his passenger vehicle parked about 25 feet from where the motorcycle had been parked in

front of 537 Patton Street, Nelsonville, Ohio. Plaintiff Klinedinst was recording an audio and video of the occurrence of the events in front of 537 Patton Street, Nelsonville, Ohio on her cell phone as they transpired in real time and continued to do so until her cell phone was taken by Defendant Fitch.

24.     As Plaintiff Hunt walked Plaintiff Hunt spoke to Defendant Fitch saying "Hey, I got my hoodie on, please don't shoot." Defendant Fitch responded in a a loud, provocative and threatening manner from nearly forty feet away  "You wouldn't be the first one." To which Plaintiff Hunt replied "What?" and Defendant Fitch loudly repeated "you wouldn't be the first one I have." Defendant Fitch recited "Hey Bobby I only work a few hours a day I'll be around anytime you want." Plaintiff Hunt was responding to Defendant Fitch in a verbally defensive fashion while walking away from Defendant Fitch and attempting to enter his vehicle. Plaintiff Hunt did not engage in any physical interaction, nor make any unlawful statement to Defendant Fitch while walking to his vehicle.

25.     Defendant Fitch's comments to Plaintiff Hunt were egregious threats intended to intimidate Plaintiff Hunt that Defendant Fitch had previously shot persons wearing hoodies and were deliberately made to provoke and goad Plaintiff Hunt into trading comments with Defendant Fitch.

26.     Defendant Fitch immediately approached Plaintiff Hunt from approximately forty feet away and placed him in a search position and began the process of handcuffing Plaintiff Hunt. As Defendant Fitch was handcuffing Plaintiff Hunt they were approached by Defendant Adams. Defendant Fitch then informed Plaintiff Hunt and Plaintiff

Klinedinst in the presence of Defendant Adams that Plaintiff Hunt was under arrest for failure to cease and desist and disorderly conduct. Defendant Fitch's conduct constituted an arrest of Plaintiff Hunt. Defendant Adams assisted in the arrest of Plaintiff Hunt by Defendant Fitch by assisting in the physical control of Plaintiff Hunt. Plaintiff Hunt did not engage in any interaction, either physical or verbal, with Defendant Adams. Plaintiff Hunt did not engage in any physical conduct with Defendant Fitch other than to permit Defendant Fitch to apply cuffs to Plaintiff Hunt's wrists while his hands were behind his back. During the arrest process Defendant Fitch engaged in use of more force than was necessary to effect the arrest of Plaintiff Hunt by placing his hand around the throat of Plaintiff Hunt while Plaintiff Hunt was being placed in the marked patrol unit.

27. Plaintiff Hunt's verbal response to Defendant Fitch for Defendant Fitch's verbal provocations were not sufficient enough to incite a breach of the peace by a police officer. Plaintiff Hunt had a First Amendment right to express to Defendant Fitch his opinion of Defendant Fitch's conduct and motivation for impounding his motorcycle and having a traffic citation issued to him.

28. Defendant Fitch's arrest of Plaintiff Hunt was based solely upon Plaintiff Hunt's verbally defensive speech to Defendant Fitch's provocative and threatening comments. Defendant Fitch's arrest of Plaintiff Hunt was unlawful because Plaintiff Hunt's verbal retort to Defendant Fitch for Defendant Fitch's verbal provocations were not sufficient enough to incite a breach of the peace by a police officer and therefore lacked probable cause for the arrest.

29.　　Defendant Fitch ordered Defendant Tracy to arrest Plaintiff Hunt for disorderly conduct. Defendant Fitch's order was unlawful. Defendant Tracy complied and subsequently issued Plaintiff Hunt a complaint for Persistent Disorderly Conduct §9.07.03 A (2) of the Nelsonville City Code (NCC).  [Exhibit 2]

30.　　Defendant Tracy's signed criminal complaint for Persistent Disorderly Conduct was based solely upon Plaintiff Hunt's verbally defensive speech to Defendant Fitch's provocative and threatening comments. Defendant Tracy's signed criminal complaint was unlawful and in violation of Plaintiff Hunt's First Amendment and Fourth Amendment rights because Plaintiff Hunt's verbal response to Defendant Fitch for Defendant Fitch's verbal provocations were not sufficient enough to incite a breach of the peace by a police officer and therefore lacked probable cause for the arrest.

31.　　Defendants Fitch and Tracy, assisted by Defendant Adams, falsely arrested Plaintiff Hunt because Plaintiff Hunt's verbal retort to Defendant Fitch for Defendant Fitch's verbal provocations were not sufficient enough to incite a breach of the peace by a police officer and therefore lacked probable cause for the arrest. Defendants Fitch, Tracy and Adams violated Plaintiff Hunt's rights under 42 U.S.C. §1983 by violating Plaintiff Hunt's First and Fourth Amendment rights.

32.　　Defendants Fitch, Tracy and Adams violated Plaintiff Hunt's rights under 42 U.S.C. §1983 by violating Plaintiff Hunt's Fourth Amendment rights to be free from unlawful seizure and malicious prosecution. Plaintiff Hunt had a clearly established Fourth Amendment right to be free from malicious prosecution by Defendants Fitch, Tracy

10

and Adams who made, influenced, and/or participated in the decision to prosecute the Plaintiff in violation of his Fourth Amendment rights.

33. After Defendant Fitch cuffed Plaintiff Hunt, Defendant Fitch and Defendant Adams physically directed Plaintiff Hunt to a marked caged police unit. Defendant Tracy observed the walk from Plaintiff Hunt's vehicle to the marked unit. Plaintiff Hunt had the keys to his own vehicle in his hands before, during and after he was cuffed behind his back and while in the marked police vehicle, until he arrived at the police booking area more than 20 minutes after his arrest.

34. Upon walking back to the marked police vehicle in front of 537 Patton Street, Nelsonville, Ohio, Defendant Fitch placed Plaintiff Hunt on the back seat driver's side with his feet on the ground sitting at a right angle to the front of the vehicle directly facing Defendant Fitch. While attempting to put Plaintiff Hunt on the back seat Defendant Fitch grabbed Plaintiff Hunt around his throat and neck with his left hand in a choking position and also forced Plaintiff Hunt backward with his right hand in the neck area. At that exact same time Plaintiff Hunt exclaimed "Why are you choking me?" Plaintiff Klinedinst was continually video recording these events from about 4-5 feet away. When Defendant Fitch shielded Plaintiff Hunt from view by forcing him backward into the unit, Plaintiff Klinedinst put the cell phone over the shoulder of Defendant Fitch, without making contact with Defendant Fitch, so as to video record what Defendant Fitch was doing to Plaintiff Hunt with his back shielding Fitch's conduct from view. Plaintiff Klinedinst captured video of Defendant Fitch further grabbing Plaintiff Hunt around the throat and neck. Plaintiff Klinedinst observed

Defendant Fitch grabbing Plaintiff Hunt around the throat and neck after Plaintiff Hunt had been placed inside the marked police unit. Defendant Fitch's act of grabbing Plaintiff Hunt around the neck and or throat was excessive use of force applied to intimidate and induce fear in Plaintiff Hunt for his safety and life. Plaintiff Hunt had not committed any serious offense, did not pose an immediate threat to the safety of the officers or others, and was not actively resisting arrest or attempting to flee. Defendant Fitch's act of grabbing Plaintiff Hunt around the neck was unreasonable for an officer under the existing conditions and was in violation of Plaintiff Hunt's Fourth Amendment right made applicable by 42 U.S.C. §1983.

35.     Defendant Fitch interfered with Plaintiff Hunt's liberty interest by telling him he was under arrest and forcibly detaining him in order to have Plaintiff Hunt transported to a correctional facility. Defendant Adams interfered with Plaintiff Hunt's liberty interest in forcibly detaining him in order to have Plaintiff Hunt transported to a correctional facility. Defendant Tracy then violated Plaintiff Hunt's Fourth Amendment rights to be free from malicious prosecution by filing criminal proceedings.

36.     Defendant Tracy caused criminal proceedings to be instituted and maintained against Plaintiff Hunt; Defendant Tracy did so with malice and without probable cause because the arrest was unlawful; Plaintiff Hunt was unlawfully seized as a result of the criminal proceedings. The legal proceedings terminated in Plaintiff Hunt's favor and without conviction. Defendant Fitch acted under color of law in violation of the Fourth Amendment made actionable by 42 U.S.C. §1983 and caused Plaintiff's injuries. Defendant Adams acted under color of law. Defendant Adams' conduct in violation of

the Fourth Amendment made actionable by 42 U.S.C. §1983 caused Plaintiff's injuries. Defendant Tracy's conduct in violation of the Fourth Amendment made actionable by 42 U.S.C. §1983 caused Plaintiff's injuries. Defendant Tracy acted under color of law.

37.   During the time that Defendant Fitch was placing Plaintiff Hunt in the marked police vehicle Plaintiff Klinedinst asked to get her car keys from Plaintiff Hunt (who still had them in his hands cuffed behind his back). Plaintiff Klinedinst needed the keys to transport their three children from a local establishment for youth called the "Hive" where the children were spending the afternoon with their grandmother. Plaintiff Klinedinst told Defendants Fitch, Adams and Tracy the grandmother of the children was with them at the Hive. The request went unanswered. After Plaintiff Hunt was secured in the marked police vehicle Plaintiff Klinedinst again stated she needed the car keys. The request was ignored again. Plaintiff Klinedinst then opened the rear door of the marked police vehicle intending to retrieve the keys being held by Plaintiff Hunt. Plaintiff Klinedinst did not reach inside or engage in any other conduct other than to open the rear door. Plaintiff Klinedinst was instantly grabbed by Defendant Adams. Within 4 seconds of opening the unit's rear door, Plaintiff Klinedinst was placed under arrest. Within another 4 seconds Plaintiff Klinedinst was told by Defendant Tracy "we're calling CPS (Child Protective Services)" just before Plaintiff Klinedinst was placed over the front of the hood of the marked police vehicle and cuffed.

38.   While in the process of being cuffed, Defendant Fitch was personally observed seizing Plaintiff Klinedinst's cell phone and maintaining it in his possession after Plaintiff Klinedinst was secured in a marked unit. Defendant Fitch had no probable cause to

13

seize the cell phone of Plaintiff Klinedinst. Plaintiff Klinedinst had a First Amendment constitutional right to record Defendants Fitch, Tracy and Adams while on her property and the public roadway in the process of making an arrest of Plaintiff Hunt. Defendant Fitch was later provided a written request to return the cell phone. Defendant Fitch responded to legal counsel for the Plaintiffs that he spoke to Defendant Adams and Defendant Tracy who advised they did not collect any cellphone from Plaintiff Klinedinst during the investigation. Defendant Fitch's response is intentionally deceptive and misleading because he seized Plaintiff Klinedinst's cellphone, not Defendant Adams or Defendant Tracy.

39.     Defendant Fitch had no legal right to maintain possession of the cellphone owned by Plaintiff Klinedinst. Plaintiff Klinedinst was released at approximately 3:01 p.m. on June 4, 2022 without ever having been processed at the jail facility. Plaintiff Klinedinst's phone has never been returned to her. Upon information and belief, Plaintiff Klinedinst believes Defendants Fitch, Adams, Tracy and Frank believe that the cell phone contains information and evidence of Defendant Fitch acting in violating the rights of Plaintiff Hunt while in the back of the marked police vehicle while shielding his actions from view of Plaintiff Klinedinst while she was recording. Defendant Fitch's seizure of Plaintiff Klinedinst's cell phone and failure to return it is an unlawful seizure under the Fourth Amendment made actionable by 42 U.S.C. § 1983.

40.      Plaintiff Klinedinst was placed under arrest by Defendant Tracy telling her she was under arrest and then physically grabbing both her arms, spinning her around while

maintaining his hands upon her person and placing placing her on the hood of the marked unit. Defendant Adams also took physical control over Plaintiff Klinedinst to continue cuffing her and then placed her in a marked police vehicle operated by Officer Zayne Preston of Hocking College. Defendant Adams later signed and served criminal complaints for Obstructing Justice, Nelsonville City Code 9.09.05 A (5), signed June 7, 2022; Persistant (sic) Disorderly Conduct Nelsonville City Code 9.09.03 A (2), signed June 7, 2022; and Resisting Arrest, Nelsonville City Code 9.09.06 A, signed June 10, 2022. [Exhibit 3]

41.  Plaintiff Klinedinst's arrest was without probable cause. Plaintiff Klinedinst was recording an unlawful arrest of Plaintiff Hunt for Defendant Fitch's allegations of "failure to cease and desist and disorderly conduct". The charges of Obstructing Justice, Nelsonville City Code 9.09.05 A (5), signed June 7, 2022; Persistant (sic) Disorderly Conduct Nelsonville City Code 9.09.03 A (2), signed June 7, 2022; and Resisting Arrest, Nelsonville City Code 9.09.06 A, signed June 10, 2022, were all dismissed by the Order of the Court in Athens Municipal Court Case No. 22CRB00717 at the request of the prosecution without a finding of probable cause. [Exhibit 4] Defendants Fitch, Tracy and Adams acted to subject Plaintiff Klinedinst to false arrest for charges of Obstructing Justice, Nelsonville City Code 9.09.05 A (5), signed June 7, 2022; Persistant (sic) Disorderly Conduct Nelsonville City Code 9.07.03 A (2), signed June 7, 2022; and Resisting Arrest, Nelsonville City Code 9.09.06 A, signed June 10, 2022 as signed by Defendant Adams. Because Defendants Tracy and Adams were not acting in the performance of a lawful duty and Plaintiff Klinedinst did nothing to prevent, obstruct, or delay them or actually hamper or impede them, no crime of Obstructing

Justice occurred. No calls or complaints were made to the Nelsonville police or made on site to any of the officers present regarding the act of Defendants Tracy and Adams arresting Plaintiff Klinedinst. Because Plaintiff Klinedinst's conduct and language was not sufficient enough to incite a breach of the peace by a police officer and no member of the public expressed anything about Plaintiff Klinedinst's conduct, no Persistent Disorderly Conduct occurred. Because the entire circumstance was initiated by the unlawful arrest of Plaintiff Klinedinst, the charge of resisting arrest was illegal and in violation of Plaintiff Klinedinst's Fourth Amendment rights by Defendants' acting in violation of 42 U.S.C. §1983.

42. Defendant Adams knew the prosecution of Plaintiff Klinedinst was frivolous and malicious as evidenced by the fact that the prosecutor requested dismissal of the charges prior to the jury trial commencing for the stated reason that a review of the evidence warranted dismissal. Plaintiff Klinedinst had a clearly established Fourth Amendment right to be free from malicious prosecution by Defendants Fitch, Tracy and Adams who made, influenced, and/or participated in the decision to prosecute the Plaintiff Klinedinst in violation of her Fourth Amendment rights.

43. Plaintiff Hunt's arrest was without probable cause and an unlawful arrest of Plaintiff Hunt for Defendant Fitch's allegations of "failure to cease and desist and disorderly conduct". The charges of Persistant (sic) Disorderly Conduct Nelsonville City Code 9.09.03 A (2), signed June 7, 2022; dismissed by the Order of the Court in Athens Municipal Court Case No. 22CRB00678 [Exhibit 5] at the request of the prosecution without a finding of probable cause and No Operator's License dismissed by the Order

of the Court in Athens Municipal Court Case No 2022 TRD 03043 [Exhibit 6]. Defendants Fitch, Tracy and Adams acted to subject Plaintiff Hunt to false arrest for charges of Persistant (sic) Disorderly Conduct Nelsonville City Code 9.09.03 A (2), signed June 7, 2022 and No operator's license 2022 TRD 03043 by charges signed by Defendant Tracy. Because Defendants Fitch, Tracy and Adams were not acting in the performance of a lawful duty, and Plaintiff Hunt did nothing to cause any inconvenience, annoyance, or alarm to another or make any unreasonable noise or offensive course utterance, gesture, or display, or communicating unwarranted or grossly abuse of language to anyone. No calls or complaints were made to the Nelsonville police or made on site to any of the officers present regarding the act of Defendants Fitch, Tray and Adams arresting Plaintiff Hunt. Because Plaintiff Hunt's conduct and language was not sufficient enough to incite a breach of the peace by a police officer and no member of the public expressed anything about Plaintiff Hunt's conduct, no Persistent Disorderly Conduct occurred. Because the entire circumstance was initiated by the unlawful arrest of Plaintiff Hunt, the charges were in violation of Plaintiff Hunt's Fourth Amendment rights by Defendants' acting in violation of 42 U.S.C. §1983.

44.   Defendant Tracy knew the prosecution of Plaintiff Hunt was frivolous and malicious as evidenced by the fact that the prosecutor requested dismissal of the charges prior to the jury trial commencing for the stated reason that a review of the evidence warranted dismissal.

45.   On June 6, 2022 Defendant Tracy interfered with Plaintiff Klinedinst's liberty interest in telling her she was under arrest and forcibly detaining her in order to have Plaintiff Klinedinst transported to a jail facility. Defendant Adams then violated Plaintiff Klinedinst's Fourth Amendment rights to be free from malicious prosecution. Defendant Adams caused criminal proceedings to be instituted and maintained against Plaintiff Klinedinst; Plaintiff Klinedinst was unlawfully seized as a result of the criminal proceedings Plaintiff Klinedinst suffered a deprivation of liberty apart from the initial seizure by being held at a medical facility by order of Defendant Fitch and assisted by Defendant Adams and required to submit to invasive medical testing for Covid and pregnancy; Defendants Fitch and Adams acted with malice and without probable cause; the proceeding terminated in Plaintiff Klinedinst's favor and without conviction; Defendant Adams' individual conduct in violation of the Fourth Amendment made actionable by 42 U.S.C. §1983 caused Plaintiff's injuries; Defendant Adams acted individually under color of law. Defendant Tracy's individual conduct in violation of the Fourth Amendment made actionable by 42 U.S.C. §1983 caused Plaintiff's injuries; Defendant Tracy acted under individually under color of law.

46.   At approximately 1:14 p.m. on June 6, 2022 Defendants Fitch, Adams and Tracy took a six month old child (Child 1) of the Plaintiffs into custody.[Exhibit 9] Defendant Adams made an unlawful entry into at 537 Patton Street, Nelsonville, Ohio 45764 under the pretext of checking the well being of Child 1. Although Child 1 was crying and recognized to be in distress, Defendant Adams made no close visual inspection or examination of Child 1 or Child 1's immediate surroundings or attempt to identify or remediate the cause of Child 1's distress. An unsecured dog was also present in the

18

residence and permitted to remain unsecured by Defendants Tracy and Adams. The dog had unobservable access to Child 1's swing. The presence of the unsecured dog without any monitoring or observation from Defendants Fitch, Tracy or Adams presented an unreasonable risk of harm to to Child 1. Child Protective Services Agency (CPS) was contacted at approximately 1:28 p.m. by Defendant Fitch in order to have the CPS take custody of Child 1 from the Defendants Fitch, Adams and Tracy. Child 1 remained in distress, unattended and unobserved inside the closed house until approximately 2:02 p.m. when CPS arrived and took custody of Child 1 from Defendants Fitch, Adams and Tracy and removed Child 1 from the residence at 537 Patton Street, Nelsonville, Ohio 45764.

47.   Because the removal of the Child 1 was incident to the unlawful false arrest of both Plaintiff Hunt and Plaintiff Klinedinst, the individual conduct of Defendants Fitch, Adams and Tracy violated the Fourth Amendment made applicable by 42 U.S.C. §1983 by the unlawful unreasonable seizure of Child 1. Defendants Fitch, Adams and Tracy also violated the First Amendment made applicable by 42 U.S.C. §1983 by substantially interfering with Plaintiff Hunt's and Plaintiff Klinedinst's constitutional protections that attend the creation and sustenance of a family, the raising and education of children, and cohabitation with one's relatives. The exigent circumstances, if any existed, were created by the unlawful conduct of Defendants Fitch, Adams and Tracy. Police officers may not enter an individual's home or lodging to effect a warrantless arrest or search by creating exigent circumstances through their own unlawful conduct.

48.     At approximately 2:34 p.m. on June 6, 2022 Defendants Fitch and Tracy went to the Hive to with the purpose of taking the three other children (the 3 Children) of the Plaintiffs into custody. Present at the Hive was the mother of Plaintiff Klinedinst who was babysitting the 3 Children. Plaintiff Klinedinst's mother had actual permission from Plaintiff Klinedinst to have care and control of the children. After Defendants Fitch and Tracy took the 3 Children into custody, the 3 Children were then turned over to the custody of Athens County Children Services.[Exhibit 9]There was no exigent circumstance for Defendants Fitch and Tracy to take custody of the 3 Children.

49.     Because the removal of the 3 Children was incident to the unlawful false arrest of both Plaintiff Hunt and Plaintiff Klinedinst, the conduct of Defendants Fitch and Tracy violated the Fourth Amendment made applicable by 42 U.S.C. §1983 by the unlawful unreasonable seizure of the 3 Children in violation of the Fourth Amendment. Defendants Fitch and and Tracy also violated the First Amendment made applicable by 42 U.S.C. §1983 by substantially interfering with Plaintiff Hunt's and Plaintiff Klinedinst's constitutional protections that attend the creation and sustenance of a family, the raising and education of children, and cohabitation with one's relatives. The exigent circumstances, if any existed, were created by the unlawful conduct of Defendants Fitch, Adams and Tracy. Police officers may not enter an individual's home or lodging to effect a warrantless seizure of a person by creating exigent circumstances through their own unlawful conduct.

50.     At approximately 1:22 p.m. Hocking College Officer Zayne Preston transported Plaintiff Klinedinst to the Southeastern Ohio Regional Jail (SEORJ) by order of

Defendant Fitch. Upon arrival at the SEOJR Plaintiff Klinedinst advised she was pregnant. Based on her statement which also advised the SEOJR intake person of the medications she was taking, the jail declined to accept her based on the fact that the SEOJR medical official was not licensed to prescribe Plaintiff Klinedinst's medication. Defendant Fitch then accompanied Defendant Adams to Urgent Care where Plaintiff Klinedinst was ordered to undergo a pregnancy test and required to have a Covid Test. [Exhibit 7] Defendant Fitch's order to have a pregnancy test and a Covid Test were unlawful invasions of privacy of Plaintiff Klinedinst. Because the arrest of Plaintiff Klinedinst was unlawful, the seizure of information in the form of test results was unlawful as a violation of the Fourth Amendment by Defendant Fitch acting individually in violation of 42 U.S.C. §1983 to conduct an unreasonable seizure. Because the statement of Plaintiff Klinedinst that she was pregnant and taking medication which could not be prescribed by the SEOJR medical officer was a disqualifying criteria for incarceration as accepted and approved by the non-incarceration of Plaintiff Klinedinst by the SEORJ facility employees, any further testing to determine incarceration qualifications were entirely unsupported by any legitimate need. In the alternative, a confirmation with the pharmacy that Plaintiff Klinedinst was taking the medication which could not be prescribed at the SEOJR was a less intrusive, non-invasive means of determining whether Plaintiff Klinedinst's statement was truthful and resulted in her being deemed unqualified for admission to SEOJR which defendants Fitch, Tracy and/or Adams failed to attempt to confirm. Because the Covid Test required an invasive procedure, the test as performed was an

unreasonable search of the person of the Plaintiff Klinedinst in violation of the Fourth Amendment.

**Count One: Violation of 42 U.S.C. §1983 by a constitutional violation of the Fourth Amendment of the United States Constitution Defendants unreasonable search and seizure of Plaintiff Hunt's property by Defendants Tracy and Adams.**

51.    Plaintiffs reallege paragraphs 1 through 50 as if fully rewritten herein.

52.    On June 6, 2022 Defendants Tracy and Adams entered upon the Plaintiff's property at 537 Patton Street, Nelsonville, Ohio to conduct a search relating to Plaintiff Hunt's motorcycle lawfully parked on his front yard.

53.    Defendants Tracy and Adams had no probable cause to make such a search and seizure.

54.    Defendants Tracy and Adams' search and seizure of Plaintiff Hunt's motorcycle by towing it from 537 Patton Street, Nelsonville, Ohio was unlawful.

55.    As a result of Defendants Tracy and Adams' search, Plaintiff Hunt suffered injuries.

56.    Plaintiff Hunt states a cause of action for Violation of 42 U.S.C. §1983 by a constitutional violation of the Fourth Amendment of the United States Constitution for Defendants unreasonable search and seizure of Plaintiff Hunt's property.

**Count Two: Violation of 42 U.S.C. §1983 by a constitutional violation of the Fourth Amendment of the United States Constitution Defendants unreasonable seizure by Defendants Fitch, Tracy and Adams.**

57.    Plaintiffs reallege paragraphs 1 through 56 as if fully rewritten herein.

58. On June 6, 2022 Defendant Fitch ordered a tow truck to impound Plaintiff Hunt's motorcycle. Defendant Fitch had no lawful reason to seize Plaintiff Hunt's lawfully registered motorcycle displaying the proper license plate from the front yard of 537 Patton Street, Nelsonville, Ohio.

59. Defendants Tracy and Adams participated and aided Defendant Fitch in the seizure of Plaintiff Hunt's motorcycle.

60. As a result of Defendants Fitch, Tracy and Adams' seizure, Plaintiff's Hunt suffered injuries.

61. Plaintiff's state a cause of action for Violation of 42 U.S.C. §1983 by a constitutional violation of the Fourth Amendment of the United States Constitution for Defendants unreasonable seizure.

**Count Three: Violation of 42 U.S.C. §1983 by a constitutional violation of the Fourth Amendment of the United States Constitution Defendants for unreasonable seizure by arrest and First Amendment retaliation by Defendants Fitch, Tracy and Adams.**

62. Plaintiffs reallege paragraphs 1 through 61 as if fully rewritten herein.

63. On June 6, 2022 after Plaintiff Hunt had been issued a traffic citation and told that the matter was over - "Y'all's done" - by Defendant Fitch. Plaintiff Hunt then left his front porch to walk to his passenger vehicle.

64. As Plaintiff Hunt walked, Plaintiff Hunt spoke to Defendant Fitch sarcastically saying "Hey, I got my hoodie on, please don't shoot." Defendant Fitch responded  "You

wouldn't be the first one." To which Plaintiff Hunt replied "What?" and Defendant Fitch responded again "you wouldn't be the first one I have." Defendant Fitch went on to say "Hey Bobby I only work a few hours a day I'll be around anytime you want." Defendant Fitch's comments to Plaintiff Hunt were serious threats inferring that Defendant Fitch had previously shot persons wearing hoodies and were deliberately made to provoke and goad Plaintiff Hunt into trading further comments with Defendant Fitch.

65. Defendant Fitch immediately approached Plaintiff Hunt from approximately forty feet away and placed him in a search position and began the process of handcuffing Plaintiff Hunt. As Defendant Fitch was handcuffing Plaintiff Hunt they were approached by Defendant Adams. Defendant Fitch then informed Plaintiff Hunt and Plaintiff Klinedinst in the presence of Defendant Adams that Plaintiff Hunt was under arrest for failure to cease and desist and disorderly conduct. Defendant Fitch's conduct constituted an arrest of Plaintiff Hunt. Defendant Adams assisted Fitch in the arrest of Plaintiff Hunt by assisting in the physical control of Plaintiff Hunt. Plaintiff Hunt did not engage in any interaction, either physical or verbal, with Defendant Adams. Plaintiff Hunt did not engage in any physical conduct with Defendant Fitch other than to permit Defendant Fitch to apply cuffs to Plaintiff Hunt's wrists while his hands were behind his back. During the arrest process Defendant Fitch engaged in use of more force than was necessary to effect the arrest of Plaintiff Hunt by placing his hand around the throat of Plaintiff Hunt while Plaintiff Hunt was being placed in the marked patrol unit.

66.     Defendant Fitch ordered Defendant Tracy to arrest Plaintiff Hunt for disorderly conduct. Defendant Fitch's order was unlawful and constituted a false arrest of Plaintiff. Defendant Tracy complied with the unlawful order and subsequently issued Plaintiff Hunt a complaint for Persistent Disorderly Conduct section 9.07.03 A (2) of the Nelsonville City Code. [Exhibit 2]

67.     Defendants Fitch and Adams falsely arrested Plaintiff Hunt because Plaintiff Hunt's verbal retort to Defendant Fitch for Defendant Fitch's verbal provocations were not sufficient enough to incite a breach of the peace by a police officer and therefore lacked probable cause for the arrest. Defendants Fitch and Adams violated Plaintiff Hunt's rights under 42 U.S.C. §1983 by violating Plaintiff Hunt's First and Fourth Amendment rights.

68.     Defendant Tracy observed the conduct of Defendants Fitch and Adams. Defendant Tracy would know as a reasonable law enforcement officer Plaintiff Hunt's verbal retort to Defendant Fitch for Defendant Fitch's verbal provocations were not sufficient enough to incite a breach of the peace by a police officer and therefore lacked probable cause for the arrest.

69.     Defendant Tracy's arrest of Plaintiff Hunt for Persistent Disorderly Conduct was unlawful pursuant to 42 U.S.C. §1983 and violated Plaintiff Hunt's First and and Fourth Amendment rights.

70.     As a result of Defendants Fitch, Tracy and Adams constitutional violation of the Fourth Amendment of the United States Constitution by Defendants for unreasonable seizure by his arrest, Plaintiff Hunt suffered injuries.

71.     Plaintiff  Hunt states a violation of 42 U.S.C. §1983 by a constitutional violation of the Fourth Amendment of the United States Constitution by Defendants for unreasonable seizure by his arrest by Defendants Fitch, Tracy and Adams and First Amendment retaliation by Defendants Fitch, Tracy and Adams.

**Count Four: Violation of 42 U.S.C. §1983 by a constitutional violation of the Fourth Amendment of the United States Constitution for unreasonable seizure by arrest with excessive force and First Amendment retaliation by Defendant Fitch.**

72.     Plaintiffs reallege paragraphs 1 through 71 as if fully rewritten herein.

73.     On June 6, 2022, After Defendant Fitch cuffed Plaintiff Hunt, Defendant Fitch and Defendant Adams physically took Plaintiff Hunt to a marked caged police unit. Defendant Tracy observed the walk from Plaintiff Hunt's vehicle to the marked unit. Plaintiff Hunt had the keys to his own parked vehicle in his hands before, during and after he was cuffed and while in the marked police police vehicle until he arrived at the police booking area more than 20 minutes after his arrest.

74.     While attempting to put Plaintiff Hunt face forward on the back seat Defendant Fitch grabbed Plaintiff Hunt around his throat and neck with his left hand in a choking position and also forced Plaintiff Hunt backward with his right hand in the neck area. At that exact same time Plaintiff Hunt exclaimed "Why are you choking me?"

75. Defendant Fitch's act of grabbing Plaintiff Hunt around the neck and/or throat was excessive use of force applied to intimidate and to induce Plaintiff Hunt to fear for his safety and life. Plaintiff Hunt had not committed any serious offense, did not pose an immediate threat to the safety of the officers or others, and was not resisting arrest or attempting to flee. Defendant Fitch's act of grabbing Plaintiff Hunt around the neck was unreasonable for an officer under the existing conditions and was in violation of Plaintiff Hunt's Fourth Amendment right made applicable by 42 U.S.C. §1983.

76. Defendant Fitch's arrest of Plaintiff Hunt was based solely upon Plaintiff Hunt's verbally defensive speech, protected by the First Amendment, to Defendant Fitch's intentionally provocative and threatening comments. Defendant Fitch's arrest of Plaintiff Hunt was unlawful because Plaintiff Hunt's verbal retort to Defendant Fitch for Defendant Fitch's verbal provocations were not sufficient enough to incite a breach of the peace by a police officer and therefore lacked probable cause for the arrest and was retaliation for Plaintiff Hunt's protected speech activity, a violation of Plaintiff Hunt's First Amendment right made applicable by 42 U.S.C. §1983.

77. As a result of Defendant Fitch's constitutional violation of the Fourth Amendment of the United States Constitution for unreasonable seizure by his arrest, and First Amendment retaliation, Plaintiff suffered injuries.

78. Plaintiff Hunt states a violation of 42 U.S.C. §1983 by a constitutional violation of the Fourth Amendment of the United States Constitution for unreasonable seizure by arrest and excessive force and First Amendment retaliation by Defendant Fitch.

**Count Five: Violation of 42 U.S.C. §1983 by a constitutional violation of the Fourth Amendment of the United States Constitution for Malicious Prosecution of Plaintiff Hunt by Defendants Fitch and Tracy.**

79.     Plaintiffs reallege paragraphs 1 through 78 as if fully rewritten herein.

80.     On June 6, 2022, Defendant Fitch participated in arrest of Plaintiff Hunt by taking Plaintiff Hunt into custody, cuffing him and ordering Defendant Tracy to sign and file a criminal complaint against Plaintiff Hunt for Persistent Disorderly Conduct. Defendant Fitch's order influenced Defendant Tracy to sign and file a criminal complaint against Plaintiff Hunt.

81.     The arrest and criminal complaint for Persistent Disorderly Conduct signed and filed by Defendant Tracy were unlawful because Defendant Tracy would know as a reasonable law enforcement officer Plaintiff Hunt's verbal retort to Defendant Fitch for Defendant Fitch's verbal provocations were not sufficient enough to incite a breach of the peace by a police officer and therefore lacked probable cause for the arrest.

82.     As a result of  legal proceeding Plaintiff Hunt suffered a deprivation of liberty apart from the initial seizure by being transported in a caged and marked police vehicle, incarcerated in a jail facility at the Nelsonville, Ohio municipal building and being kept there for over approximately 3 hours on June 6, 2022 before being released on his own recognizance.

83.      The detention of Plaintiff Hunt at the Nelsonville, Ohio municipal building and being kept there for over approximately 3 hours on June 6, 2022 was beyond the time reasonably required to complete the arrest of the Plaintiff and was unlawful. Defendants

28

Fitch, Tracy and Hunt had knowledge provided by the SEOJR at the time Plaintiff Hunt was being detained at his residence in the marked police vehicle that the SEOJR had no room for males to be detained after arrest. Plaintiff Hunt could have been lawfully subjected to the law enforcement process and issued a summons to appear while being detained in the marked police vehicle.

84. The criminal proceeding against Plaintiff Hunt for Persistent Disorderly Conduct terminated in Plaintiff Hunt's favor.

85. As a result of Defendants Fitch and Tracy's violation of 42 U.S.C. §1983 for a constitutional violation of the Fourth Amendment of the United States Constitution by Defendants for malicious prosecution, Plaintiff Hunt suffered injuries.

86. Plaintiff Hunt states a violation of 42 U.S.C. §1983 by a constitutional violation of the Fourth Amendment of the United States Constitution for malicious prosecution by Defendants Fitch and Tracy.

**Count Six: Violation of 42 U.S.C. §1983 by a constitutional violation of the Fourth Amendment of the United States Constitution for unlawful seizure by False Arrest by Defendant Fitch, Tracy and Adams, First Amendment retaliation against Plaintiff Klinedinst by Defendants Fitch, Tracy and Adams and unlawful seizure of Plaintiff Klinedinst's personal property in violation of the Fourth Amendment by Defendant Fitch.**

87. Plaintiffs reallege paragraphs 1 through 86 as if fully rewritten herein.

88. On June 6, 2022 Defendants Fitch, Tracy and Adams participated in the unlawful arrest of Plaintiff Hunt for the charge of Persistent Disorderly Conduct in violation of 42

U.S.C. §1983 by a constitutional violation of the First and Fourth Amendment of the United States Constitution.

89.     No probable cause existed for the charge of Persistent Disorderly Conduct because because Defendants Fitch, Tracy and Adams would know as reasonable law enforcement officers Plaintiff Hunt's verbal retort to Defendant Fitch for Defendant Fitch's verbal provocations were not sufficient enough to incite a breach of the peace by a police officer and therefore lacked probable cause for the arrest.

90.     During the course of arrest Plaintiff Klinedinst was recording video of Defendant Fitch grabbing Plaintiff Hunt around the throat and neck while in the process of placing Plaintiff Hunt under arrest and into a marked police unit. Plaintiff Klinedinst did not interfere with Defendant Fitch. Plaintiff Klinedinst had a First Amendment right to video record Defendant Fitch interacting with Plaintiff Hunt.

91.     Because Plaintiff Klinedinst needed the keys to the personal vehicle to drive to the Hive to pick up the children of Plaintiff Klinedinst and Plaintiff Hunt. The keys were still in the hand of Plaintiff Hunt seated in the back of the marked police vehicle and because Defendants Fitch, Tracy and Adams ignored multiple requests of Plaintiff Klinedinst to retrieve the keys, Plaintiff Klinedinst opened the rear door of the marked police vehicle to retrieve the keys still in the hands of Plaintiff Hunt. Plaintiff Klinedinst never entered the police vehicle nor touched the inside of the police vehicle or Plaintiff Hunt. Plaintiff Klinedinst did nothing to obstruct or interfere with any law enforcement officer present from arresting or keeping Plaintiff Hunt in custody. Within 4 seconds

30

of opening the rear door of the marked police vehicle Plaintiff Klinedinst was placed under arrest by Defendant Adams.

92.     Defendant Adams immediately took physical control of Plaintiff Klinedinst, placed her hands behind her back while she was still holding her phone and engaged in placing handcuffs on her. During the process of Adams cuffing Plaintiff Klinedinst, Defendant Fitch seized the phone of Plaintiff Klinedinst. Defendant Fitch has never returned the phone of Plaintiff Klinedinst. Defendant Fitch had no lawful reason to seize the personal phone of Plaintiff Klinedinst. Defendant Fitch has no lawful reason to keep possession of the personal phone of Plaintiff Klinedinst.

93.     Because the entire circumstances of Plaintiff Klinedinst's arrest were created by the unlawful arrest of Plaintiff Hunt by Defendants Fitch, Tracy and Adams, no probable cause existed for Plaintiff Klinedinst's arrest and subsequent prosecution. Defendants Fitch, Tracy and Adams may not effect a warrantless arrest, search or seizure by creating exigent circumstances through their own unlawful conduct.

94.     Plaintiff Klinedinst's arrest was effected in part as retaliation by Defendant Fitch for Plaintiff Klinedinst exercising her First Amendment right to video Defendant Fitch in the process of arresting Plaintiff Hunt and for Plaintiff Hunt exercising his First Amendment right to criticize and object to Defendant Fitch's conduct and statements to him.

95.     As a result of the unlawful conduct recited herein, Plaintiff Klinedinst has suffered injuries.

96. Plaintiff Klinedinst states a cause of action for Violation of 42 U.S.C. §1983 by a constitutional violation of the Fourth Amendment of the United States Constitution for unlawful seizure by False Arrest by Defendant Fitch, Tracy and Adams, First Amendment retaliation against Plaintiff Klinedinst by Defendants Fitch, Tracy and Adams and unlawful seizure of Plaintiff Klinedinst's personal property in violation of the Fourth Amendment by Defendant Fitch.

**Count Seven: Violation of 42 U.S.C. §1983 by a constitutional violation of the Fourth Amendment of the United States Constitution for Malicious Prosecution of Plaintiff Klinedinst by Defendants Fitch and Adams.**

97. Plaintiffs reallege paragraphs 1 through 96 as if fully rewritten herein.

98. On June 6, 2022, Defendants Fitch and Adams unlawfully arrested Plaintiff Hunt for Persistent Disorderly Conduct.

99. Defendants Fitch and Adams had no probable cause to arrest Plaintiff Hunt for Persistent Disorderly Conduct. Because the entire circumstances of Plaintiff Klinedinst's arrest were created by the unlawful arrest of Plaintiff Hunt by Defendants Fitch, Tracy and Adams, no probable cause existed for Plaintiff Klinedinst's arrest and subsequent prosecution. Defendants Fitch, Tracy and Adams may not effect a warrantless arrest, search or seizure by creating exigent circumstances through their own unlawful conduct.

100. On June 6, 2022, Defendant Fitch participated in the arrest of Plaintiff Klinedinst by assisting Defendant Adams taking Plaintiff Klinedinst into custody, cuffing her, depriving her of her liberty. Defendant Fitch confined Plaintiff Klinedinst in a marked

police vehicle, then transported her to a jail facility and from there to a medical facility where he ordered her to undergo medical testing. Defendant Fitch ordered Defendant Adams to sign and file a criminal complaint against Plaintiff Klinedinst for City Code violations Persistent Disorderly Conduct NCC §9.07.03 A (2), Obstructing Justice NCC §9.09.05 A (5) and Resisting Arrest NCC §9.09.06 A. Defendant Fitch's order influenced Defendant Adams to sign and file a criminal complaint against Plaintiff Hunt.

101.   On June 6, 2022 Defendant Adams participated in the arrest of Plaintiff Klinedinst by assisting Defendant Fitch taking Plaintiff Klinedinst into custody, cuffing her, and depriving her of her liberty. Defendant Adams confined Plaintiff Klinedinst in a marked police vehicle, then transported her to a jail facility and from there to a medical facility where he participated in Defendant Fitch's order to Plaintiff Klinedinst to undergo medical testing. Defendant Adams signed and filed a criminal complaint against Plaintiff Klinedinst for City Code violations Persistent Disorderly Conduct NCC §9.07.03 A (2), Obstructing Justice NCC §9.09.05 A (5) and Resisting Arrest NCC §9.09.06 A.

102.   As a result of  legal proceeding Plaintiff Klinedinst suffered a deprivation of liberty apart from the initial seizure by being transported in a caged and marked police vehicle, taken into  a jail facility then being taken to a medical facility and being kept there by order of Defendant Fitch for involuntary medical testing for a period of hours on June 6, 2022 before being released on her own recognizance.

103.   The detention of Plaintiff Klinedinst was beyond the time reasonably required to complete the arrest of Plaintiff Klinedinst and was unlawful.

104.   The criminal proceeding against Plaintiff Klinedinst for City Code violations Persistent Disorderly Conduct NCC §9.07.03 A (2), Obstructing Justice NCC §9.09.05 A (5) and Resisting Arrest NCC §9.09.06 A, were all terminated in Plaintiff Klinedinst's favor.

105.   As a result of Defendants Fitch and Adams' violation of 42 U.S.C. §1983 for a constitutional violation of the Fourth Amendment of the United States Constitution by Defendants for malicious prosecution, Plaintiff Klinedinst suffered injuries.

106.   Plaintiff Klinedinst states a violation of 42 U.S.C. §1983 by a constitutional violation of the Fourth Amendment of the United States Constitution for malicious prosecution by Defendants Fitch and Adams.

**Count Eight: Violation of 42 U.S.C. §1983 by a constitutional violation of the First Amendment of the United States Constitution for constitutional protections that attend the creation and sustenance of a family against Plaintiff Hunt and Plaintiff Klinedinst by Defendants Fitch, Tracy and Adams and a constitutional violation of the Fourth Amendment of the United States Constitution by Defendants Tracy and Adams in an unlawful search of Plaintiff Hunt and Plaintiff Klinedinst's private residence.**

107.   Plaintiffs reallege paragraphs 1 through 106 as if fully rewritten herein.

108.   On June 6, 2022 Defendants Fitch, Tracy and Adams participated in the unlawful arrest of Plaintiff Hunt and Plaintiff Klinedinst by arresting them without probable cause.

109. Because Plaintiff Hunt and Plaintiff Klinedinst were deprived of their liberty interest by being taken into custody, removed from their residence and transported to an incarceration facility by the Defendants Fitch, Tracy and Adams, there was no one at their residence to care for Child 1. Upon information and belief, either Defendant Fitch, Tracy and Adams summoned Athens County Children Services to the Plaintiffs' residence after Plaintiffs had been taken away.

110. After Plaintiff Hunt and Plaintiff Klinedinst were removed from their residence and transported to an incarceration facility, Defendants Fitch, Tracy and Adams took custody of Child 1. Because the arrest of Plaintiffs was not supported by probable cause and unlawful, the circumstances creating Child 1 being left alone in the residence, in distress and crying without any attention when Defendants Tracy and Adams exited the residence and shut the door. Defendants Fitch, Tracy and Adams maintained custody of unattended Child 1 until the arrival of Athens County Children Services at the Plaintiffs' residence at 537 Patton Street, Nelsonville, Ohio 45764, 34 minutes after being contacted.

111. The circumstances of Athens County Children Services being contacted by either Defendants Fitch, Tracy and/or Adams were circumstances caused by Fitch, Tracy and Adams unlawful arrest of Plaintiffs and did not create probable cause for the entry and search by Defendants Tracy and Adams at 537 Patton Street, Nelsonville, Ohio 45764.

112. The circumstances of Athens County Children Services being contacted by either Defendants Fitch, Tracy and/or Adams were circumstances caused by their unlawful arrest of Plaintiffs and did not create probable cause for taking Child 1 into custody and

then providing Athens County Children Services with Child 1 to be further detained without access to Child 1's parents. Such unlawful taking into custody and further detainment constituted a deprivation of Child 1's liberty and a violation of the First Amendment rights of Plaintiff's First Amendment rights under the United States Constitution for constitutional protections that attend the creation and sustenance of a family.

113. As a result of Violation of 42 U.S.C. §1983 by a constitutional violation of the First Amendment of the United States Constitution for constitutional protections that attend the creation and sustenance of a family against Plaintiff Hunt and Plaintiff Klinedinst by Defendants Fitch, Tracy and Adams, and a constitutional violation of the Fourth Amendment of the United States Constitution by Defendants Tracy and Adams in an unlawful search of Plaintiff Hunt and Plaintiff Klinedinst's private residence, Plaintiff Hunt and Plaintiff Klinedinst suffered injuries.

114. Plaintiff Hunt and Plaintiff Klinedinst state a violation of 42 U.S.C. §1983 by a constitutional violation of the First Amendment of the United States Constitution for constitutional protections that attend the creation and sustenance of a family against Plaintiff Hunt and Plaintiff Klinedinst by Defendants Fitch, Tracy and Adams and a constitutional violation of the Fourth Amendment of the United States Constitution by Defendants Tracy and Adams in an unlawful search of Plaintiff Hunt and Plaintiff Klinedinst's private residence.

**Count Nine: Violation of 42 U.S.C. §1983 by a constitutional violation of the First Amendment of the United States Constitution for constitutional protections that attend the creation and sustenance of a family against Plaintiff Hunt and**

**Plaintiff Klinedinst by Defendants Fitch, Tracy and Adams and a constitutional violation of the Fourth Amendment of the United States Constitution by Defendants Tracy and Adams in an unlawful search of Plaintiff Hunt and Plaintiff Klinedinst's private residence.**

115.  Plaintiffs reallege paragraphs 1 through 114 as if fully rewritten herein.

116.  On June 6, 2022 Defendants Fitch, Tracy and Adams participated in the unlawful arrest of Plaintiff Hunt and Plaintiff Klinedinst by arresting them without probable cause.

117.  On June 6, 2022 because Plaintiff Hunt and Plaintiff Klinedinst were deprived of their liberty interest by being taken into custody, removed from their residence and transported to an incarceration facility by the Defendants Fitch, Tracy and Adams, Plaintiff Hunt and Plaintiff Klinedinst were not at their residence or available to go to the Hive to care for the three other children.

118.  On June 6, 2022 Plaintiff Klinedinst's mother had actual permission from Plaintiff Klinedinst to have care and control of the children.

119.  On June 6, 2022 Defendant Fitch, Tracy and Adams took the 3 Children into custody at the Hive, removing them from the custody of the Plaintiffs and Plaintiff Klinedinst's mother, their grandmother. There was no exigent circumstance for Defendants Fitch and Tracy to take custody of the 3 Children.

120.  On June 6, 2022 upon information and belief either Defendant Fitch, Tracy and/or Adams contacted Athens County Children Services to take custody of the 3 Children. Athens County Children Services being contacted by either Defendants Fitch, Tracy and/or Adams were circumstances caused by their unlawful arrest of Plaintiffs and did

not create probable cause for taking the 3 Children into custody and then providing Athens County Children Services with the 3 Children to be further detained without access to the 3 Children's parents. Such unlawful taking into custody and further detainment constituted a deprivation of the 3 Children's liberty and a violation of the First Amendment rights of Plaintiff's First Amendment rights under the United States Constitution for constitutional protections that attend the creation and sustenance of a family.

121. As a result of Violation of 42 U.S.C. §1983 by a constitutional violation of the First Amendment of the United States Constitution for constitutional protections that attend the creation and sustenance of a family against Plaintiff Hunt and Plaintiff Klinedinst by Defendants Fitch, Tracy and Adams Plaintiff Hunt and Plaintiff Klinedinst suffered injuries.

122. Plaintiff Hunt and Plaintiff Klinedinst state a violation of 42 U.S.C. §1983 by a constitutional violation of the First Amendment of the United States Constitution for constitutional protections that attend the creation and sustenance of a family against Plaintiff Hunt and Plaintiff Klinedinst by Defendants Fitch, Tracy and Adams.

**Count Ten: Violation of 42 U.S.C. §1985 Conspiracy to interfere with civil rights (3) Depriving persons of rights or privileges, by a constitutional violations of the First and Fourth Amendment of the United States Constitution by Defendants Frank, Fitch, Tracy and Adams by Defendant Frank inducing the unlawful search and seizure of the Plaintiffs' personal property; unlawful arrest and detention of the Plaintiffs without probable cause by Defendants Fitch, Tracy and Adams; and First Amendment of the United States Constitution for constitutional protections that attend the creation and sustenance of a family.**

123. Plaintiffs reallege paragraphs 1 through 122 as if fully rewritten herein.

124.    Defendant Scott Frank conspired with Defendants Fitch, Tracy and Adams to make good on his threats to Plaintiff Klinedinst made earlier in May of 2022 and on June 4, 2022. Defendant Frank's threats to Plaintiff Klinedinst included " I have a badge and am going to take them to jail."; "I am the City Manager and can have your kids taken into custody." "you can tell whoever you want b—ch."; And "This will not be the last time you hear from me." On June 4, 2022 Defendant Frank also threatened Plaintiff's by telling them their "civil rights were being canceled"; they were "being kicked out of Nelsonville"; and he, Defendant Frank, "was going to have their motorcycle towed."

125.    Upon information and belief, Defendant Scott Frank acted with invidious discriminatory animus and malicious purpose against Plaintiffs because of Plaintiff Hunt's race, African-American and Plaintiff Klinedinst's (Caucasian female) association with Plaintiff Hunt. Because of Plaintiff Hunt's race and refusal to submit to Defendant Frank's unlawful demand that Plaintiff Hunt show his vehicle operator's license to Defendant Frank on June 4, and Plaintiff Klinedinst's verbally defending her bi-racial children against Defendant Frank in May 2022, Defendant Frank conspired with Defendants Fitch, Tracy and Adams to make good on his threats to Plaintiff Klinedinst made earlier in May of 2022 and to Plaintiff Hunt and Plaintiff Klinedinst on June 4, 2022.

126.    On June 6, 2022 Defendants Fitch, Tracy and Adams with a meeting of the minds with Defendant Frank participated in the unlawful activity of Violating 42 U.S.C. §1983 under the color of law to violate Plaintiffs' First and Fourth Amendment rights by: Arresting Plaintiffs, taking Plaintiffs to jail, having Plaintiff Hunt's motorcycle seized

and towed, having Plaintiff Hunt and Plaintiff Klinedinst's children taken from their custody and presence, depriving Plaintiffs of their First Amendment rights that attend the creation and sustenance of a family assisting Defendant Frank in making good on his threats to Plaintiff Klinedinst made earlier in May of 2022 and on June 4, 2022.

127.    As a result of Defendant Frank's conduct conspiring with Defendants Fitch, Tracy and Adams, for the purpose of depriving the Plaintiffs of "the equal protection of the laws, or of equal privileges and immunities under the laws" and having taken or caused to be taken acts in furtherance of the object of such conspiracy,  Plaintiff Hunt and Plaintiff Klinedinst suffered injuries.

128.    Plaintiffs state a violation of 42 U.S.C. §1985 (3) Conspiracy to interfere with civil rights, Depriving persons of rights or privileges, by a constitutional violations of the First and Fourth Amendment of the United States Constitution by Defendants Frank, Fitch, Tracy and Adams by Defendant Frank inducing the unlawful search and seizure of the Plaintiffs' personal property; inducing the unlawful arrest and detention of the Plaintiffs without probable cause by Defendants Fitch, Tracy and Adams; and inducing the violation of the First Amendment of the United States Constitution for constitutional protections that attend the creation and sustenance of a family by Defendants Fitch, Tracy and Adams.

**Count Eleven: Violation of 42 U.S.C. §1983 municipal liability for constitutional violation of the First Amendment of the United States Constitution for constitutional protections that attend the creation and sustenance of a family against Plaintiff Hunt and Plaintiff Klinedinst by Defendants Fitch, Tracy and Adams; a constitutional violation of the Fourth Amendment of the United States Constitution by Defendants Tracy and Adams in an unlawful search of Plaintiff Hunt and Plaintiff Klinedinst's private residence; a constitutional**

**violation of the Fourth Amendment of the United States Constitution by Defendants Fitch Tracy and Adams in an unlawful arrest of Plaintiff Hunt and Plaintiff Klinedinst without probable cause by ratification of Defendant Fitch.**

129.    Plaintiffs reallege paragraphs 1 through 128 as if fully rewritten herein.

130.    The Division of Police is established and continues to exist by City Charter §6.08.01. [Exhibit 8] The operating rules and procedures for the division of police are under the direction of the Chief of Police who reports to the City Manager for administrative purposes.

131.    Defendant Fitch was the Chief of Police of Nelsonville at all times relevant herein. The Chief of Police of Nelsonville is a municipal official who possesses final authority to establish municipal policy with respect to the actions ordered by Defendant Fitch as Chief of Police, and taken against Plaintiffs by Defendants Tracy and Adams on June 6, 2022. Defendant Fitch's decisions are final and unreviewable for all policies applicable to the enforcement of laws and conduct of all subordinate officers and are not constrained by the official policies of superior officials.

132.    On June 6, 2022 Defendant Fitch, as an official who possessed final authority to establish municipal policy with respect to the actions ordered against Plaintiffs and their property, violated the law himself and also ordered the law to be violated by Defendants Tracy and Adams and then ratified the unlawful conduct by Defendants Tracy and Adams on June 6, 2022 against Plaintiffs, causing Plaintiff's injuries.

133.    Defendant Fitch's unlawful conduct is an affirmative approval of the decision of his subordinates, Defendants Tracy and Adams and constitutes municipal policy.

134.    Plaintiffs state a violation of 42 U.S.C. §1983 for municipal liability against the City of Nelsonville for constitutional violation of the First Amendment of the United States Constitution for constitutional protections that attend the creation and sustenance of a family against Plaintiff Hunt and Plaintiff Klinedinst by Defendants Fitch, Tracy and Adams; a constitutional violation of the Fourth Amendment of the United States Constitution by Defendants Tracy and Adams in an unlawful search of Plaintiff Hunt and Plaintiff Klinedinst's private residence; a constitutional violation of the Fourth Amendment of the United States Constitution by Defendants Fitch, Tracy and Adams in an unlawful arrest of Plaintiff Hunt and Plaintiff Klinedinst without probable cause by ratification of Defendant Fitch.

**Prayer For Relief**;

WHEREFORE, Plaintiff respectfully requests this Court to grant the following relief:

A judgment in favor of the Plaintiffs for an award of $500,000.00 compensatory and $1,500,000.00 punitive damages where applicable for each Plaintiff and against each Defendant individually and the City of Nelsonville on each count;

A judgment for an award to Plaintiffs of their actual losses, attorneys' fees and costs in bringing this action;

Award such other relief as the Court shall deem just, proper, fair and equitable.

Respectfully Submitted,
_s/Daniel H. Klos_
Daniel H. Klos (0031294)
4591 Indianola Avenue
Columbus, Ohio 43214
Telephone: 614-261-9581
Facsimile: 614-262-5732
Email: Klosdhesq@aol.com
Counsel for Plaintiff

## JURY DEMAND

Plaintiff hereby demands trial by jury in all matters triable to a jury.

Respectfully Submitted,
_s/Daniel H. Klos_
Daniel H. Klos (0031294)
4591 Indianola Avenue
Columbus, Ohio 43214
Telephone: 614-261-9581
Facsimile: 614-262-5732
Email: Klosdhesq@aol.com
Counsel for Plaintiff