IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY HUNT, *et al.* | : | Case No. 23-CV-01758 |
| | : | |
| Plaintiffs, | : | Judge Algenon L. Marbley |
| | : | |
| vs. | : | |
| | : | |
| THE CITY OF NELSONVILLE, OHIO, *et al.* | : | |
| | : | |
| Defendants. | : | |

### ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT

Now come Defendants, The City of Nelsonville, Ohio, Scott Frank, Scott Fitch, K. J. Tracy, and Benjamin Adams, by and through counsel, and for their Answer to Plaintiffs' Complaint, set forth as follows:

### FIRST DEFENSE

For their first defense, Defendants response to the numbered paragraphs of Plaintiffs' Complaint, in like numbered paragraphs, as follows:

1. Paragraph 1 contains a legal conclusion to which no response is required. To the extent Paragraph 1 contains factual allegations, such allegations are denied.

2. Paragraph 2 contains a legal conclusion to which no response is required. To the extent Paragraph 2 contains factual allegations, such allegations are denied.

3. Paragraph 3 contains a legal conclusion to which no response is required. To the extent Paragraph 3 contains factual allegations, such allegations are denied.

4. Defendants admit that Hunt is African American. Defendants deny for want of knowledge the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint.

1

5. Defendants admit that Klinedinst is Caucasian. Defendants deny for want of knowledge the remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6. Defendants deny for want of knowledge the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. Defendants admit that at the times relevant to this Complaint, Frank was employed by the City of Nelsonville as the City Manager. Defendants deny the remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8. Defendants admit that at the times relevant to this Complaint, Fitch was employed by the City of Nelsonville as the Chief of Police. Defendants deny the remaining allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9. Defendants admit that at the times relevant to this Complaint, Tracy was employed by the City of Nelsonville as a Police Sergeant. Defendants deny the remaining allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. Defendants admit that at the times relevant to this Complaint, Adams was employed by the City of Nelsonville as a Patrolman. Defendants deny the remaining allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Exhibit 1 speaks for itself. To the extent Paragraph 15 of Plaintiffs' Complaint contains allegations inconsistent with Exhibit 1, such allegations are denied.

16. Defendants deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Defendants admit the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19. Defendants admit the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. Defendants admit that Adams issued Hunt a Summons to appear in the Mayor's Court for operating his motorcycle without a license and that Hunt remained on his porch for a period of time before going to his automobile a few minutes later. Defendants deny the remaining allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. Defendants admit that Fitch radioed for a tow truck to impound Hunt's motorcycle. Defendants deny the remaining allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26. Defendants admit Hunt was handcuffed and taken into custody. Defendants deny the remaining allegations in Paragraph 26 of Plaintiffs' Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29. Exhibit 2 speaks for itself. To the extent Paragraph 29 of Plaintiffs' Complaint contains allegations inconsistent with Exhibit 2, such allegations are denied.

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33. Defendants admit that after Hunt was taken into custody, he was taken to a police cruiser. Defendants deny the remaining allegations in Plaintiffs' Complaint for want of knowledge.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37. Defendants admit that Klinedinst was taken into custody for unlawfully opening the rear door of the police cruiser Hunt was in. Defendants deny the remaining allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39. Defendants admit that Klinedinst was released without being processed at the jail. Defendants deny the remaining allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40. Defendants admit that Klinedinst was taken into custody by Adams and Tracy. Answering further, Exhibit 3 speaks for itself. To the extent Paragraph 40 of Plaintiffs' Complaint contains allegations inconsistent with Exhibit 3, such allegations are denied.

41. Exhibit 4 speaks for itself. To the extent Paragraph 41 of Plaintiffs' Complaint contains allegations inconsistent with Exhibit 4, such allegations are denied.

42. Defendants deny the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43. Exhibit 5 speaks for itself. To the extent Paragraph 43 of Plaintiffs' Complaint contains allegations inconsistent with Exhibit 5, such allegations are denied.

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46. Defendants admit that, after both Plaintiffs were arrested, and Defendants entered into Plaintiffs' residence to check on the wellbeing of the Plaintiffs' unattended child. Further answering, Defendants admit they called Child Protective Services to take custody of the child. Defendants deny the remaining allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48. Defendants admit that they went to the Hive and turned over Plaintiffs' three other children to the custody of Athens County Children Services. Defendants deny the remaining allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50. Defendants admit that a Hocking College Police Officer was called to transport Klinedinst to the jail. Defendants deny the remaining allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51. Defendants reincorporate the foregoing Paragraphs as if fully restated herein.

52. Defendants admit Tracy and Adams entered upon Plaintiffs' property at 527 Patton Street, Nelsonville, Ohio. Defendants deny the remaining allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57. Defendants reincorporate the foregoing Paragraphs as if fully restated herein.

58. Defendants admit Fitch ordered a tow truck to remove Hunt's motorcycle. Defendants deny the remaining allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62. Defendants reincorporate the foregoing Paragraphs as if fully restated herein.

63. Defendants admit Hunt was issued a traffic citation. Defendants deny the remaining allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65. Defendants admit that Hunt was handcuffed and taken into custody. Defendants deny the remaining allegations contained in Paragraph 65 of Plaintiffs' Complaint.

66. Exhibit 2 speaks for itself. To the extent Paragraph 66 of Plaintiffs' Complaint contains allegations inconsistent with Exhibit 2, such allegations are denied.

67. Defendants deny the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72. Defendants reincorporate the foregoing Paragraphs as if fully restated herein.

73. Defendants admit that Hunt was handcuffed and taken to a police cruiser. Defendants deny the remaining allegations contained in Paragraph 73 of Plaintiffs' Complaint for want of knowledge.

74. Defendants deny the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of Plaintiffs' Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

79. Defendants reincorporate the foregoing Paragraphs as if fully restated herein.

80. Defendants admit that Hunt was handcuffed and taken into custody. Defendants deny the remaining allegations contained in Paragraph 80 of Plaintiffs' Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of Plaintiffs' Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of Plaintiffs' Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of Plaintiffs' Complaint.

84. Paragraph 84 contains a legal conclusion to which no response is required. To the extent Paragraph 84 contains factual allegations, such allegations are denied.

85. Defendants deny the allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87. Defendants reincorporate the foregoing Paragraphs as if fully restated herein.

88. Defendants deny the allegations contained in Paragraph 88 of Plaintiffs' Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of Plaintiffs' Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of Plaintiffs' Complaint.

91. Defendants admit that Klinedinst was taken into custody for unlawfully opening the rear door of the police cruiser Hunt was in. Defendants deny the remaining allegations contained in Paragraph 91 of Plaintiffs' Complaint.

92. Defendants admit that Klinedinst was handcuffed. Defendants deny the remaining allegations contained in Paragraph 92 of Plaintiffs' Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of Plaintiffs' Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of Plaintiffs' Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of Plaintiffs' Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of Plaintiffs' Complaint.

97. Defendants reincorporate the foregoing Paragraphs as if fully restated herein.

98. Defendants deny the allegations contained in Paragraph 98 of Plaintiffs' Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of Plaintiffs' Complaint.

100. Defendants admit that Klinedinst was handcuffed, placed in a police cruiser, and charged with persistent disorderly conduct, obstructing justice, and resisting arrest. Defendants deny the remaining allegations contained in Paragraph 100 of Plaintiffs' Complaint.

101. Defendants admit that Klinedinst was handcuffed, placed in a police cruiser, and charged with persistent disorderly conduct, obstructing justice, and resisting arrest. Defendants deny the remaining allegations contained in Paragraph 101 of Plaintiffs' Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of Plaintiffs' Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of Plaintiffs' Complaint.

104. Paragraph 104 contains a legal conclusion to which no response is required. To the extent Paragraph 104 contains factual allegations, such allegations are denied.

105. Defendants deny the allegations contained in Paragraph 105 of Plaintiffs' Complaint.

106. Defendants deny the allegations contained in Paragraph 106 of Plaintiffs' Complaint.

107. Defendants reincorporate the foregoing Paragraphs as if fully restated herein.

108. Defendants deny the allegations contained in Paragraph 108 of Plaintiffs' Complaint.

109. Defendants admit that after Plaintiffs' arrests, there was no one at their residence to care for their child, so Defendants summoned Athens County Children Services to take custody of Plaintiffs' child. Defendants deny the remaining allegations contained in Paragraph 109 of Plaintiffs' Complaint.

110. Defendants deny the allegations contained in Paragraph 110 of Plaintiffs' Complaint.

111. Defendants deny the allegations contained in Paragraph 111 of Plaintiffs' Complaint.

112. Defendants deny the allegations contained in Paragraph 112 of Plaintiffs' Complaint.

113. Defendants deny the allegations contained in Paragraph 113 of Plaintiffs' Complaint.

114. Defendants deny the allegations contained in Paragraph 114 of Plaintiffs' Complaint.

115. Defendants reincorporate the foregoing Paragraphs as if fully restated herein.

116. Defendants deny the allegations contained in Paragraph 116 of Plaintiffs' Complaint.

117. Defendants admit that Plaintiffs were unable to care for their children while they were in custody. Defendants deny the remaining allegations contained in Paragraph 117 of Plaintiffs' Complaint.

118. Defendants deny the allegations contained in Paragraph 118 of Plaintiffs' Complaint for want of knowledge.

119. Defendants deny the allegations contained in Paragraph 119 of Plaintiffs' Complaint.

120. Defendants admit that Athens County Children Services was called to take custody of Plaintiffs' children. Defendants deny the remaining allegation contained in Paragraph 120 of Plaintiffs' Complaint.

121. Defendants deny the allegations contained in Paragraph 121 of Plaintiffs' Complaint.

122. Defendants deny the allegations contained in Paragraph 122 of Plaintiffs' Complaint.

123. Defendants reincorporate the foregoing Paragraphs as if fully restated herein.

124. Defendants deny the allegations contained in Paragraph 124 of Plaintiffs' Complaint.

125. Defendants deny the allegations contained in Paragraph 125 of Plaintiffs' Complaint.

126. Defendants deny the allegations contained in Paragraph 126 of Plaintiffs' Complaint.

127. Defendants deny the allegations contained in Paragraph 127 of Plaintiffs' Complaint.

128. Defendants deny the allegations contained in Paragraph 128 of Plaintiffs' Complaint.

129. Defendants reincorporate the foregoing Paragraphs as if fully restated herein.

130. Exhibit 8 speaks for itself. To the extent Paragraph 130 of Plaintiffs' Complaint contains allegations inconsistent with Exhibit 8, such allegations are denied.

131. Defendants admit that Fitch was the Chief of Police of Nelsonville at the times relevant to the allegations in the Complaint. Defendants deny the remaining allegations contained in Paragraph 131 of Plaintiffs' Complaint.

132. Defendants deny the allegations contained in Paragraph 132 of Plaintiffs' Complaint.

133. Defendants deny the allegations contained in Paragraph 133 of Plaintiffs' Complaint.

134. Defendants deny the allegations contained in Paragraph 134 of Plaintiffs' Complaint.

## SECOND DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

## THIRD DEFENSE

Defendants are immune from suit including legislative immunity, statutory immunity, governmental immunity, judicial immunity or any other immunities under Federal and State law.

## FOURTH DEFENSE

Plaintiffs have failed to exhaust their administrative remedies.

## FIFTH DEFENSE

Defendants enjoy a qualified and/or absolute immunity, including statutory immunity under R.C. § 2307.22, *et seq*. and/or privilege in this case.

## SIXTH DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SEVENTH DEFENSE

If Plaintiffs were injured or damaged, any and all such injury or damage was a proximate result of the intervening and/or superseding acts and/or criminal acts and/or omissions of persons and/or entities not under the control of these Defendants.

## EIGHTH DEFENSE

Defendants deny all allegations contained in the Plaintiffs' Complaint that are not expressly admitted in this Answer.

## NINTH DEFENSE

Plaintiffs' alleged damages, if any, were proximately caused by the sole or contributory or comparative negligence of the Plaintiffs.

## TENTH DEFENSE

Plaintiffs' alleged damages, if any, were proximately caused by the sole or contributory or comparative negligence of others not presently known to these Defendants.

## ELEVENTH DEFENSE

Plaintiffs have failed to mitigate damages, if any.

## TWELFTH DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, or laches.

## THIRTEENTH DEFENSE

Plaintiffs assumed all risks by reason of the manner of their own actions.

## FOURTEENTH DEFENSE

Plaintiffs failed to join necessary and indispensable parties.

**FIFTEENTH DEFENSE**

Plaintiffs' claims for damages violate the due process clauses of the Federal and Ohio Constitutions.

**SIXTEENTH DEFENSE**

In the event Defendants are found liable, such liability is denied, and Defendants are only liable for their proportionate share of Plaintiffs' alleged damages per R.C. § 2307.22, *et seq*.

**SEVENTEENTH DEFENSE**

Any allocation of fault by a trier of fact must be consistent with R.C. § 2307.22, *et seq.*, R.C. § 2307.23, *et seq*.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred by the doctrines of res judicata, collateral estoppel, claim preclusion, and/or issue preclusion.

**NINETEENTH DEFENSE**

Plaintiffs' claims are subject to the immunities, defenses, and limitations on damages set forth in Chapter 2744 of the Ohio Revised Code and other applicable statutory immunity.

**TWENTIETH DEFENSE**

At all times, Defendants acted reasonably, in good faith, upon advice of counsel, in accordance with law and/or in the exercise of their statutory duties and responsibilities.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims should be dismissed because whatever duties Defendants allegedly breached, if any, are duties owed to the public in general and are therefore subject to the "public duty rule."

**WHEREFORE,** Defendants pray that Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs be ordered to pay all costs and reasonable attorney fees sustained by these Defendants.

> Respectfully submitted,
>
> */s/ Mac P. Malone*
> Patrick Kasson (0055570)
> Mac P. Malone (0102214)
> **REMINGER CO., LPA**
> 200 Civic Center Drive, Suite 800
> Columbus, Ohio  43215
> Tel: (614) 228-1311 | Fax: (614) 232-2410
> Email: pkasson@reminger.com
>          mmalone@reminger.com
>
> *Counsel for Defendants*

## JURY DEMAND

Defendants hereby demand that this case be tried to a jury comprised of maximum allowable by law.

> */s/ Mac P. Malone*
> Patrick Kasson (0055570)
> Mac P. Malone (0102214)

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed and served via this Court's CM/ECF electronic filing system this 17th day of July, 2023, upon all parties and/or counsel of record.

> */s/ Mac P. Malone*
> Patrick Kasson (0055570)
> Mac P. Malone (0102214)