IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY HUNT, *et al.*, | : | |
| | : | Case No. 2:23-cv-01758 |
| *Plaintiffs,* | : | |
| | : | Magistrate Judge Kimberly A. Jolson |
| v. | : | |
| | : | |
| THE CITY OF NELSONVILLE, OHIO, *et al.*, | : | |
| | : | |
| *Defendants.* | : | |

### NON-PARTY OHIO DEPARTMENT OF PUBLIC SAFETY'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

**I.     INTRODUCTION**

Plaintiffs' motion to compel should be denied because Plaintiffs seek privileged documents which are not subject to dissemination under Ohio law. Plaintiffs seek to compel Ohio Department of Public Safety ("ODPS")[1] to "respond to the subpoena issued by Plaintiffs' counsel for the requested records" or alternatively produce a record showing "whether or not the specific information provided by the Nelsonville Division of Police or any other Criminal Justice Agency (CJA) was ever submitted as an inquiry about Plaintiff Hunt's status to operate a motor vehicle [to Ohio Law Enforcement Gateway and Law Enforcement Automated Data System Records Information ("OHLEG/LEADS")]." Plaintiffs' Mot. to Compel, ECF No. 17, PageID 144 and 147. But irrespective of how Plaintiffs frame their request, all records which are either part of or are processed through LEADS are privileged under Ohio Administrative Code 4501:2-10-06(C). Accordingly, this Court should deny Plaintiffs' motion to compel.

---

[1] The Motion to Compel identifies "Ohio LEADS" and the Court has identified "Interested Party, LEADS" but the proper defendant is the Ohio Department of Public Safety.

1

## II. FACTS AND BACKGROUND

ODPS received an electronic copy of the subpoena issued by Plaintiffs via e-mail on November 29, 2023. The subpoena demanded ODPS produce "[a] certified copy of all LEADS electronic inquiries and responses for Bobby Hunt Jr. – DOB 9/24/1987, SSN [XXX-XX-XXXX] and/or Operator's License Number [XXXXXXXX] AND Ohio Motorcycle tag HXY75 (2022) from 1/1/21 to 6/8/22 made by any law enforcement agency utilizing the LEADS systems."[2] Exhibit 2 to Plaintiffs' Mot. to Comp, ECF No. 17-2, PageID 157. Pursuant to Fed. R. Civ. P. 45(d)(2)(B), ODPS responded by letter addressed to Plaintiffs' counsel on December 8, 2023, outlining written objections to any production of confidential LEADS information. ODPS informed Plaintiffs' counsel that it could not comply with the subpoena as doing so would require ODPS to disclose privileged or other protected information. Exhibit 3 to Plaintiffs' Mot. to Comp, ECF No. 17-3, PageID 160.

There was some further exchange between counsel in which Plaintiffs attempted to narrow the scope of the information sought from ODPS to documents showing "only the date and time that [LEADS] inquiry was made" or if any such LEADS inquiry was made "prior to the date and time of the arrest." Exhibit 5 to Plaintiffs' Mot. to Comp, ECF No. 17-5, PageID 166. Counsel for ODPS explained to Plaintiffs' counsel that even those records, which are records contained *within* LEADS, were privileged and not subject to dissemination under Ohio Administrative Code 4501:2-10-06. *Id.* at PageID 165.

Plaintiffs then filed this instant motion to compel ODPS to respond to the subpoena.[3]

---

[2] Social Security and Operator's License numbers have been redacted for privacy.
[3] Despite Plaintiffs' claim that they "were and are not seeking information obtained from LEADS" that is belied by the subpoena served. The motion to compel itself even requests that the Court order ODPS "respond to the subpoena issued by Plaintiffs' counsel for the requested records".

### III.  LAW AND ARGUMENT

This Court should deny Plaintiffs' motion to compel because the documents demanded are privileged or otherwise protected. Rule 45 of the Federal Rule of Civil Procedure "permits parties in legal proceedings to command a non-party to, among other things, produce documents." *Walker v. Stanforth*, S.D.Ohio No. 2:17-cv-1037, 2019 U.S. Dist. LEXIS 87613, at *10 (May 24, 2019); Fed. R. Civ. P. 45(a)(1). But subpoenas cannot be enforced when it seeks documents that are privileged. *Aetna Group USA, Inc. v. AIDCO Internatl., Inc.*, S.D.Ohio No. 1:11-mc-023, 2011 U.S. Dist. LEXIS 61286, at *6 (June 8, 2011); Fed. R. Civ. P. 45(d)(3)(A)(iii).

Ohio Administrative Code 4501:2-10-06(C) provides, in pertinent part, that "[m]essages and/or throughput of any kind accessed through LEADS shall be restricted to the use of duly authorized law enforcement and/or criminal justice agencies for the administration of criminal justice." LEADS information is not subject to discovery in civil litigation, because LEADS information can only be shared for criminal justice purposes. *Johnson v. Gallia Cty. Comm'rs,* S.D. Ohio No. 2:20-cv-65, 2021 U.S. Dist. LEXIS 34173, ¶13 (Feb. 24, 2021). Moreover, LEADS data can only be accessed by "authorized users," which do not include private civil litigants. *McCloskey v. White*, N.D. Ohio No. 3:09 CV 1273, 2011 U.S. Dist. LEXIS 147090 (Dec. 20, 2011) (denying Plaintiff's motion to compel in a civil case seeking production of all LEADS reports run by a Police Department during a certain time frame). The unauthorized access, use, or dissemination of information gained from LEADS is a fifth-degree felony. *Garn v. Haviland*, N.D.Ohio No. 1:20-CV-00465-JGC, 2023 U.S. Dist. LEXIS 167432, at *44 (Feb. 13, 2023), citing O.R.C. 2913.04(H) and O.R.C. 2913.04(C).

Plaintiffs November 29, 2023, subpoena broadly sought all LEADS inquiries and responses on Bobby Hunt made by law enforcement agencies utilizing the LEADS systems.

3

However, Plaintiffs are not authorized law enforcement officials and did not make their request for any criminal justice purpose. Plaintiffs' subpoena sought the records for use in Plaintiffs' civil case. Thus, Plaintiffs are not entitled to the documents sought in the subpoena. O.A.C. 4501:2-10-06(C).

In their subsequent communications and in their instant motion to compel, Plaintiffs alternatively attempt to narrow the scope of their request to documents from LEADS that "confirm whether or not the specific information provided by the Nelsonville Division of Police or any other Criminal Justice Agency (CJA) was ever submitted as an inquiry about Plaintiff Hunt's status to operate a motor vehicle." Plaintiffs' Mot. to Compel, ECF No. 17, PageID 147. But Ohio law is clear that even Plaintiffs' more narrowly tailored demand seeks records *from* LEADS. O.A.C. 4501:2-10-06(C) restricts not only the criminal history information contained in LEADS but also "*throughput of any kind* accessed through LEADS." (emphasis added). Indeed, the Ohio Attorney General has opined that all information contained or *processed through* LEADS is restricted to the use of law enforcement agencies and criminal justice agencies for the administration of criminal justice. 1994 Op. Att'y Gen. No. 94-046, 1994 Ohio AG LEXIS 44, at 12. This would include "data entered directly into a LEADS data base [and] computer tape logs created by LEADS of transactions on LEADS". *Id* at 14.

Plaintiffs assert that they are only seeking a LEADS log of any inquiry made by the City of Nelsonville on Plaintiff Hunt. In Plaintiffs counsel's opinion that information is not privileged. But O.A.C. 4501:2-10-06(C) directly contradicts Plaintiffs counsel's untenable position. The statute and caselaw are clear that these documents are privileged, and Plaintiff is not entitled to them. Accordingly, this Court should deny Plaintiffs' demand to ODPS to produce privileged documents from LEADS.

4

## IV. CONCLUSION

For the foregoing reasons, ODPS respectfully request that this Court deny Plaintiffs' motion to compel and quash the subpoena to ODPS.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Elizabeth H. Smith*
ELIZABETH H. SMITH (0076701)*
*Counsel of Record*
BRYAN B. LEE (0090716)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Elizabeth.Smith@OhioAGO.gov
Bryan.Lee@OhioAGO.gov

*Counsel for Non-Party Ohio Department of Public Safety*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 8, 2024, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                               */s/ Elizabeth H. Smith*
                                               ELIZABETH H. SMITH (0076701)
                                               Assistant Attorney General